UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

KRISTINA BENSON,

    Plaintiff,

v.                                                                                                                                                                Civ. No. 16-1009 GJF

NANCY A. BERRYHILL, *Acting Commissioner of the Social Security Administration*,

    Defendant.

## **ORDER**

THIS MATTER is before the Court on Plaintiff's "Opposed Motion for Attorney Fees and Costs Pursuant to the Equal Access to Justice Act, With Memorandum in Support" ("Motion"), filed on April 18, 2018. ECF No. 30. The Commissioner responded on May 2, 2018. ECF No. 31. Plaintiff filed two replies – the first on May 9, 2018, and the second the following day. ECF No. 32, 33.[1] Having reviewed the record, the briefing, and relevant case law, the Court will **GRANT** Plaintiff's Motion.

**I.    BACKGROUND**

This case arises from an appeal from a decision of the Commissioner of Social Security denying Plaintiff's claims for disability benefits under the Social Security Act. *See* ECF No. 1. On appeal, the Commissioner first argued that "consistent with [Social Security Ruling ("SSR")] 83-20, the ALJ made a finding about when Plaintiff became disabled that was supported by substantial evidence in the record . . . [and] [n]othing more was required." Def.'s Resp. to Mot. to Remand 6, ECF No. 18. Additionally, the Commissioner responded to Plaintiff's second

---

[1] This appears to have been a filing error, as the documents are identical and seek identical relief. In the interests of clarity, the Court will refer to Plaintiff's most recent filing, ECF No. 33, as her Reply for purposes of this Order.

1

challenge by asserting that "even if the ALJ should have incorporated concentration and persistence limitations into the [residual functional capacity ("RFC")], any alleged error was harmless when she found that, based on the Grids, Plaintiff could perform other work in the nation economy . . . [and] the occupational base contemplated by the Grids is unskilled work." *Id*.

The Court rejected these arguments and remanded this case for further proceedings. *See* Order, ECF No. 28. In doing so, the Court found that the medical record concerning Plaintiff's onset date was ambiguous, and the ALJ violated SSR 83-20 "by failing to consult a medical advisor to assist in inferring the onset date of Plaintiff's slowly progressive mental impairments." *Id.* at 17. Observing the precedent established in *Blea v. Barnhart*, 466 F.3d 903 (10th Cir. 2006), the Court explained:

> The Tenth Circuit has held that "where medical evidence of onset is ambiguous, an ALJ is obligated to call upon the services of a medical advisor." [*Id.* at 911] (internal citations and quotation omitted). "Thus, the issue of whether the ALJ erred by failing to call a medical advisor turns on whether the evidence concerning the onset of [the claimant's] disabilities was ambiguous, or alternatively, whether the medical evidence clearly documented the progression of his conditions." *Id.* at 912. "In the absence of clear evidence documenting the progression of [the claimant's] condition, the ALJ [does] not have the discretion to forgo consultation with a medical advisor." *Id.* at 911–12 (quotation omitted). An ALJ "may not make negative inferences from an ambiguous record; rather, [he or she] must call a medical advisor pursuant to SSR 83-20." *Id.* at 913.

Order 10. *See* SSR 83-20, 1983 WL 31249, at *2 (Aug. 20, 1983) ("With slowly progressive impairments, it is sometimes impossible to obtain medical evidence establishing the precise date an impairment became disabling."). Thus, the Court held that "ALJ Farris erred by failing to consult a medical advisor to assist in inferring the onset date of Plaintiff's slowly progressive mental impairments." Order 17.

Based upon the Court's decision, Plaintiff became the prevailing party for purposes of the Equal Access to Justice Act ("EAJA"). Plaintiff now moves for an award of attorney fees under EAJA of $6,775.18 and costs of $400.00, amounts that she has since amended to $7,405.58 and $400.00, respectively, in her Reply, to compensate for time expended in this EAJA-related litigation. Pl.'s Mot. 2, ECF No. 30, Pl.'s Reply 3, ECF No. 33. The Commissioner does not contest the amount or the fact that Plaintiff was the prevailing party. Rather, the Commissioner asserts that her position was substantially justified and therefore an award of attorney fees is foreclosed. Def.'s Resp. 1-3, ECF No. 31.

## II.  STANDARD OF REVIEW

The Commissioner has the burden to show that her position was substantially justified. *See Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995). "The term 'position' includes the government's position both in the underlying agency action and during any subsequent litigation." *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir.1988). "The government's success or failure on the merits at each level may be evidence of whether its position was substantially justified, but that success or failure alone is not determinative of the issue." *Id.* "For purposes of the EAJA, the more clearly established are the governing norms, and the more clearly they dictate a result in favor of the private litigant, the less 'justified' it is for the government to pursue or persist in litigation." *Spencer v. NLRB*, 712 F.2d 539, 559 (D.C. Cir. 1983). "Conversely, if the governing law is unclear or in flux, it is more likely that the government's position will be substantially justified." *Martinez v. Sec'y of Health & Human Servs.*, 815 F.2d 1381, 1383 (10th Cir. 1987).

"The test for substantial justification in this circuit is one of reasonableness in law and fact." *Gilbert*, 45 F.3d at 1394. Accordingly, the government's position must be "justified to a

3

degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). "[A] position can be justified even though it is not correct, and . . . it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is if it has a reasonable basis in law and fact." *Id.* 487 U.S. at 552 n. 2.

The courts must exercise caution and remain mindful of the distinction between the substantial evidence standard under the Social Security Act and the substantial justification requirement under the EAJA. *See Hadden*, 851 F.2d at 1269. As articulated by this Circuit and other circuits which have directly addressed this issue, "equating a lack of substantial evidence with a lack of substantial justification would result in an automatic award of attorney's fees in all social security cases in which the government was unsuccessful on the merits." *Id.* Moreover, to hold these two standards synonymous appears improper under the history behind the statute,[2] and at odds with the Supreme Court's decision in *Pierce v. Underwood*. *See generally* 487 U.S. 552. Thus, "a lack of substantial evidence on the merits does not necessarily mean that the government's position was not substantially justified." *See Hadden*, 851 F.2d at 1269.

### III. ANALYSIS

The Court concludes that the Commissioner has failed to meet her burden of showing that her position was substantially justified in the litigation before this Court. *See Hackett v. Barnhart*, 475 F. 3d 1166, 1172 (10th Cir. 2007) (noting that the Commissioner bears the burden to establish that her position was substantially justified, both at the appeal and at the underlying administrative proceedings). The Commissioner's argument is simple – she maintains that she "explained [to this Court] that the evidence was not ambiguous, and instead showed that Plaintiff was not disabled prior to August 2013." Def.'s Resp. 3. Thus, she contends, having "made a

---

[2] *See Taylor v. Heckler*, 835 F.2d 1037, 1044 (3d Cir. 1987) (examining the legislative history of the EAJA and concluding Congress "left the door open to the possibility that the government could demonstrate that a denial of disability benefits that flunked substantial evidence review was nonetheless substantially justified.").

reasonable argument that the record was not ambiguous, under those circumstances the ALJ was not under an obligation to call for testimony from a medical expert." *Id.* (citing SSR 83-20, 1983 WL 31249).

But in this Court's view, this argument was never reasonable. The Court has already noted that "Plaintiff maintains – without dispute from the Commissioner - that [Plaintiff's] three disorders represent slowly progressive impairments." Order 13 (citation omitted). Thus, for Plaintiff's position to be reasonable, this Court must believe that Plaintiff's non-traumatic, slowly progressive depression, anxiety, and post-traumatic stress disorder ("PTSD") all became, in an instant, disabling on August 16, 2013. Prior to this Court's order granting remand, that's *precisely* what the Commissioner argued. *See* Def.'s Resp. to Mot. to Remand 5. The Commissioner, to her credit, now attempts to soften her position by omitting this date certain, and claiming instead that she showed "Plaintiff was not disabled prior to August 2013" and that medical evidence showed "Plaintiff was not disabled prior to August 2013." Def.'s Resp. 3. It is enough to say that this diversion does little to persuade the Court.

To the contrary, the parties' briefing on the EAJA fees has only diminished the Commissioner's position. The Commissioner could not reasonably argue – and to her credit, did not – that Plaintiff's severe mental impairments were not slowly progressive. And yet, faced with an ambiguous and meager record of Plaintiff's mental health between 2009 and 2013, the Commissioner felt confident in proclaiming August 16, 2013, as the onset date of her disability. *See* Def.'s Resp. to Mot. to Remand 5. This Court documented in detail the scant and often conflicting treatment notes between 2009 and 2013 dealing with Plaintiff's mental health. Order 14-16. The Court also observed that, prior to the August 13 and August 16, 2013, assessments by Dr. Raza, no treatment notes existed for the *preceding seven months* concerning Plaintiff's

5

mental health.  Nonetheless, when confronted with that dearth of information, the Commissioner argued, and still maintains, that no ambiguity exists concerning the onset of Plaintiff's disability.  By the Commissioner's account, Plaintiff unambiguously became disabled on August 16, 2013.  For the reasons explained at length in this Court's Order, this argument has no basis in law or fact.

Moreover, the Commissioner's failure to address relevant Tenth Circuit precedent only magnifies her error.  In her Motion to Remand, Plaintiff cited directly to *Blea* no less than three times, explaining the process an ALJ should go through for determining an onset date when dealing with a slowly progressive impairment of a non-traumatic origin.  Pl.'s Mot. to Remand 17, 18, 20.  The Commissioner ignored this case law, despite the very real prospect that it could have controlled – and ultimately did control – the Court's analysis and decision.  Ignoring binding precedent – or even only *arguably* binding precedent – is a risky litigation strategy, particularly when the precedent was repeatedly cited by one's adversary.  Taking that risk in this case was particularly unwise.

Having reviewed the briefing on the instant Motion as well as the underlying litigation, the Court concludes that the Commissioner's position is not one that a reasonable person could think was correct, or that has any reasonable basis in law or fact.  *See Pierce*, 487 U.S. at 552 n. 2.  Thus, an award of EAJA fees is reasonable.

**IT IS THEREFORE ORDERED** that attorney fees and costs be awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (2012), payable to Plaintiff in the amount of $7,805.58. *See Astrue v. Ratliff*, 13 U.S. 2521 (2010) (EAJA fees are paid to the prevailing party, not the attorney).

**IT IS FURTHER ORDERED** that, if Plaintiff's counsel receives attorney fees under both the EAJA and 42 U.S.C. § 406(b) (2012) of the Social Security Act, he shall refund the smaller award to Plaintiff pursuant to *Weakly v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

**IT IS SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE
*Presiding by Consent*